The Colonial City Traction Company, Appellant, *v.* The Kingston City Railroad Company, Respondent.

1. Street Surface Railroads — Use of Connecting Tracks — "Operation" of Road. The use, by a street surface railroad company, of a few hundred feet of the intervening tracks of another company, to form a connection between the main portions of its own track, over which to run its own cars and transport its own passengers as part of a continuous route, is an "operation" of its road, within the meaning of the provisions of the Constitution (Art. 3, § 18) and of the statute (Railroad Law, § 91, amd. L. 1895, ch. 545), which forbid the operation of a street railroad without the prior consent of the local authorities and abutting owners.

2. Right to Use Tracks of Another Company. The provision of section 102 of the Railroad Law (amd. L. 1894, ch. 693), that any street surface railroad company may acquire the right to use the tracks of another company, without its consent, to connect main portions of a line to be operated as an independent railroad, by condemnation proceedings, does not provide an alternative right, but constitutes an addition to the provisions of section 91 requiring the prior consent of the local authorities and abutting owners for the operation of a street railroad.

3. Conditions Precedent. The consents of the local authorities and of the abutting owners, to the use or operation of the intervening track

of another company by a street surface railroad company desiring to thereby connect the main portions of its own track for the continuous running of its own cars, are, by force of the Constitution and of section 91 of the Railroad Law, conditions precedent to a proceeding to acquire such use, under section 102 of the Railroad Law.

4. Consents to One Company Not Available to Another. The fact that one street surface railroad company has the consent of both local authorities and abutting owners to build and operate a railroad through a street, does not relieve a second company from the necessity of obtaining further consents from both of those sources to enable it to use the tracks of the first.

*Colonial City T. Co.* v. *Kingston City R. R. Co.*, 15 App. Div. 195, affirmed.

(Argued June 21, 1897; decided October 5, 1897.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered April 14, 1897, reversing a judgment entered upon the decision of the Special Term after a trial, and dismissing the petition.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*G. D. B. Hasbrouck* for appellant. The Colonial City Traction Company was duly organized as a street surface railway company. (Spelling on Priv. Corp. § 44; *In re M. H. Co.*, 14 Cal. 424; *Patterson* v. *Arnold*, 45 Penn. St. 410; *W. M. Ins. Co.* v. *Chamberlain*, 16 Gray, 165; *People* v. *Chambers*, 42 Cal. 201; *People* v. *S. & V. R. R. Co.*, 45 Cal. 306; *A. & A. R. R. Co.* v. *Ezell*, 14 S. C. 281; 89 N. Y. 74, 75; 111 N. Y. 42; 19 N. Y. 119; 44 Barb. 634; 38 Barb. 323.) The Appellate Division of the third judicial department erred in this case in overruling the decision of the General Term of the second department in the case of *Ingersoll* v. *Nassau Electric Company* (89 Hun, 213), now on appeal to the Court of Appeals, in holding that before one street surface railroad corporation could use the tracks of another street railroad, to connect main portions of an independent line, it must have the consent of the local authorities and of the property owners to such use. (Const. N. Y. art. 3, § 18; *L. & P. R. R. Co.* v. *C. R. R. Co.*, 2 Duval, 175; *B. H. R. R. Co.*

v. *City of Brooklyn*, 152 N. Y. 244; *People* v. *O'Brien*, 111
N. Y. 1; *In re R. E. R. Co.*, 123 N. Y. 351; *In re T. A.
R. R. Co.*, 121 N. Y. 541; L. 1866, ch. 110; L. 1839, ch.
218; *People* v. *B., F. & C. I. R. Co.*, 89 N. Y. 75; *In re
T. F. S. R. R. Co.*, 102 N. Y. 350; *In re G. E. R. Co.*, 70
N. Y. 369; 118 Mass. 290; 109 Mass. 103; *W. R. B. Co.* v.
*Dix*, 6 How. [U. S.] 507; *Mayor* v. *D. D., E. B. & B. R.
Co.*, 30 N. E. Rep. 563.) The plaintiff has the right to take
proceedings to condemn the defendant's track. (L. 1890, ch.
565; L. 1894, ch. 693; *T. E. S. R. R. Co.* v. *T. C. S. R. R.
Co.*, 26 Wkly. Bull. 172.) It is actually necessary to connect
main portions of the plaintiff's line by the use of defendant's
tracks, and such necessity exists whenever the public con-
venience can be served thereby. (*State* v. *Wells*, 31 Conn.
213; L. 1890, ch. 565, § 90; *In re S. B. R. R. Co.*
119 N. Y. 146; *People ex rel.* v. *Mulholland*, 82 N. Y.
324; *In re R. E. R. Co.*, 123 N. Y. 355; *S. A. R. R.
Co.* v. *Kerr*, 45 Barb. 138; *Jerome* v. *Ross*, 7 Johns. Ch.
340; Randolph on Em. Domain, §§ 52, 56.) The plain-
tiff has the right, under section 102 of the Railroad Law,
to acquire the use of the poles and wires of the defend-
ant, together with the tracks. (*T. E. S. R. Co.* v. *T.
C. S. R. Co.*, 26 Wkly. L. B. 172; *B. & A. R. R. Co.* v.
*Vil. of Greenbush*, 52 N. Y. 510; Randolph on Em. Dom.
§ 109; *In re S. B. R. R. Co.*, 119 N. Y. 141; *Howe* v.
*Williams*, 13 R. I. 485; *In re Mayor, etc.*, 135 N. Y. 253;
*Phillips* v. *D. W. P. R. Co.*, 78 Penn. St. 177; *Lynch*
v. *Comm. of Leases*, L. R. [32 Ch. D.] 72; *Tietman* v.
*C. & J. S. R. Co.*, 141 Ill. 140; *Koch* v. *N. R. R. Co.*,
75 Md. 222; *P. R. T. Co.* v. *Dash*, 125 N. Y. 93; *Sus-
sex* v. *Shatic*, 3 Harr. 108; *Schaper* v. *B. & L. I. C.
R. Co.*, 124 N. Y. 631.) The plaintiff was not contem-
plated by section 59 of the Railroad Law, and the directors
are not required by such statute to " cause a copy of the arti-
cles of association to be published in one or more newspapers,"
before it shall exercise the powers conferred by law upon
such corporation or begin the construction of its road. (113

U. S. 568; 114 U. S. 411; *In re A., J. & G. R. R. Co.,* 86 Hun, 584; *In re E. C. T. Co.,* 4 App. Div. 103; 1 Thompson on Corp. § 258; *Thomlinson* v. *Branch,* 15 Wall. 465; *People* v. *A. A. R. R. Co.,* 125 N. Y. 513.) The objection that the use of defendant's tracks by the Colonial Traction Company amounts to a change of route, and that there is no authorization in the law therefor is not well taken. (L. 1890, ch. 565, § 2; *People* v. *U. & D. R. R. Co.,* 128 N. Y. 240.) The Kingston City railroad has no right to object to this proceeding because the petitioner lacks the consent of the property owners and municipal authorities. (Cooley on Const. Law, § 163; *Embury* v. *Conner,* 3 N. Y. 511; *Wellington* v. *Petitioner,* 16 Pick. 96; *People* v. *B., F. & C. I. R. Co.,* 89 N. Y. 93.) The order herein is appealable to the Court of Appeals. (*M. R. Co.* v. *O'Sullivan,* 150 N. Y. 569; *In re Board of Education,* 19 Civ. Pro. Rep. 420; Code Civ. Pro. §§ 416, 3343, 3357, 3359; *D. & M. M. R. R. Co.* v. *Hammond,* 77 Hun, 39; *M. R. Co.* v. *O'Sullivan,* 6 App. Div. 571; *Denise* v. *Denise,* 41 Hun, 9; 110 N. Y. 562; *R. & S. R. R. Co.* v. *Davis,* 43 N. Y. 137; *Libbey* v. *Mason,* 112 N. Y. 525; *Clark* v. *Water Com.,* 148 N. Y. 1; *In re S. E. R. Co.,* 58 Hun, 287; *In re B. & S. A. R. R. Co.,* 69 Hun, 275.)

*Charles Stewart Davison* for bondholders. The constitutional requirement of local municipal and individual property owners' consents is not a condition precedent to the right to sustain this proceeding. (*In re T. F. S. R. R. Co.,* 102 N. Y. 343.) The constitutional requirement of local municipal consent is not a condition precedent to the use of the tracks of one street surface railroad by another under section 102 of the Railroad Law. (*Ingersoll* v. *N. E. R. R. Co.,* 89 Hun, 213.) Where a street surface railroad occupying a street and refusing to allow another road to lay tracks therein was organized and existing prior to the Constitution of 1875, or has succeeded to the rights and franchises of a road which was so organized and existing, the voluntary assent to the limited use of its tracks in a proper case contemplated by

section 102 can be availed of by a street surface railroad organized after the Constitution of 1875, without a necessity on the part of such latter to obtain either local municipal consent or individual property owners' consent to the running of its cars for such limited distance over the tracks of the other road. (*People* v. *B., F. & C. I. R. Co.*, 89 N. Y. 75.)

*A. T. Clearwater* for respondent. The obtaining of the consent of the local authorities and of abutting property owners were conditions precedent to the maintenance of the proceeding. (L. 1892, ch. 676, §§ 90, 91; L. 1895, ch. 545, § 91; Const. N. Y. art. 3, § 18; *In re O'Neil*, 91 N. Y. 516; *In re R. E. R. Co.*, 123 N. Y. 351; 1 R. S. ch. 16, art. 1, § 1; *Wheatfield* v. *T. S. R. R. Co.*, 92 Hun, 460; *In re S. E. R. Co.*, 58 Hun, 287; *In re L. & B. R. R. Co.*, 77 N. Y. 558; *A. A. R. R. Co.* v. *Johnson*, 134 N. Y. 375; *In re K. C. E. R. R. Co.*, 105 N. Y. 97.) The failure of the plaintiff to obtain the certificate of the board of state railroad commissioners that the public convenience and necessity require this extension of its road and its failure to publish its articles of association are fatal to the maintenance of the proceeding. (L. 1895, ch. 545, § 59; *In re E. C. T. Co.*, 4 App. Div. 103; *In re K., Q. & S. R. R. Co.*, 6 App. Div. 241; *In re A., J. & G. R. R. Co.*, 86 Hun, 578; *People ex rel.* v. *Board of Railroad Comrs.*, 4 App. Div. 259; *In re N. H. R. R. Co.*, 76 Hun, 76.) The judgment is unwarranted by law. (L. 1894, ch. 693, § 1; *Green* v. *City of Trenton*, 54 N. J. L. 92.) The taking of private property for public use is in derogation of private rights. It is in hostility to the ordinary control of the citizen over his estate, and statutes authorizing condemnation are not to be extended by inference or implication. (*R. & S. R. Co.* v. *Davis*, 43 N. Y. 147; *In re N. Y. & B. B. R. Co.*, 20 Hun, 201; *N. Y. C. & N. R. R. Co.* v. *C. U. T. Co.*, 21 Hun, 261; Mills on Em. Domain, ch. 5, §§ 45, 47; *In re P. B. Co.*, 108 N. Y. 483; *E. & C. N. Y. R. Co.* v. *Welch*, 1 App. Div. 140; *Winter* v. *N. Y. & N. J. T. Co.*, 51 N. J. L. 83; *Comm.* v. *Boston*, 97 Mass. 553; *Vreeland*

v. *Jersey City*, 54 N. J. L. 49.) The public convenience does not require the use of the appellant's tracks by the plaintiff. (*In re A., J. & G. R. R. Co.*, 86 Hun, 578; *In re K., Q. & S. R. R. Co.*, 6 App. Div. 241; *Fanning* v. *Osborne*, 102 N. Y. 441; *Hussner* v. *B. C. R. R. Co.*, 114 N. Y. 433; *Flynn* v. *Taylor*, 127 N. Y. 596; *C. C. R. R. Co.* v. *M. S. R. Co.*, 40 N. Y. Supp. 1092; *F. S. & G. S. F. R. R. Co.* v. *T. F. S. R. R. Co.*, 52 N. Y. Supp. 252.)

VANN, J. The appellant is a street railroad company, organized April 22, 1896, owning and operating a surface railroad in the city of Kingston running substantially east and west across the city, but in two sections, each about two miles long, and separated near the middle of the town by a portion of a street known as Broadway. The eastern section ends at the central line of Prince street where it crosses Broadway, and the western section at the central line of Cedar street where it crosses Broadway; the distance between the two points, as measured on the street last named, being 870 feet. The respondent is also a street railroad company, organized June 7, 1879, operating a surface railroad in said city upon tracks laid in various streets, and, among others, through Broadway from the central line of Prince street to the central line of Cedar street. Both railroads are operated by electricity. The appellant, by extending its tracks through Broadway from Prince street on the east to Cedar street on the west, could connect its eastern and western sections, and thereby save itself the expense, and the public the inconvenience, of transferring passengers by omnibus from one part of its road to the other. The local authorities, up to the time of the trial, had refused to permit the appellant to extend or operate its road through the short strip of Broadway above mentioned, and thus unite the two sections, and the respondent had likewise refused to permit the use of its track over said strip for the same purpose. No effort has been made by the appellant, so far as appears, to obtain the consent of the

property owners whose lands abut upon Broadway between
Prince and Cedar streets to such extension of its road or to
the operation thereof when extended.   This proceeding was
instituted by the appellant to acquire by condemnation under
the statute the right to use the respondent's tracks over the
strip in question, upon making proper compensation therefor.
The application was resisted, an answer served and a trial had,
which resulted in an adjudication that the proposed use of the
respondent's railroad, including " poles, wires and appurte-
nances " was actually necessary within the meaning of the stat-
ute, and commissioners were appointed " to determine the extent
and the manner in which " the appellant should " have the
right to take, hold and use the said track, poles, wires, inci-
dents and appurtenances," and to " ascertain and determine
the amount of the compensation to be made " for the same.
An appeal was taken to the Appellate Division, which reversed
the judgment and dismissed the proceeding, two of the learned
justices dissenting.  (15 App. Div. Rep. 195.)  A further
appeal has brought the matter before us for determination.

The proceeding was commenced in March, 1896, and was
founded upon section 102 of the Railroad Law, which pro-
vides, so far as now material, that " no street surface railroad
corporation shall construct, extend or operate its road or tracks
in that portion of any street  *   *   *  in which a street
surface railroad is  *   *   *  constructed,  *   *   *  without
first obtaining the consent of the corporation owning and
maintaining the same, except that any street surface railroad
company may use the tracks of another street surface railroad
company for a distance not exceeding one thousand feet,
*   *   *  whenever the court upon an application for com-
missioners shall be satisfied that such use is actually neces-
sary to connect main portions of a line to be constructed or
operated as an independent railroad,  *   *   *  and that the
public convenience requires the same, in which event the right
to use shall only be given for a compensation to an extent and
in a manner to be ascertained and determined by commission-
ers to be appointed by the courts as is provided in the Con-

demnation Law." (L. 1890, ch. 565, § 102, as amended by L. 1892, ch. 676; L. 1893, ch. 434 and L. 1894, ch. 693.)

The respondent, in opposing the effort to condemn the right to use a part of its track and appurtenances, relies upon section 18 of article III of the Constitution, which provides, among other things, that "no law shall authorize the construction or operation of a street railroad except upon the condition that the consent of the owners of one-half in value of the property bounded on, and the consent also of the local authorities having the control of that portion of a street or highway upon which it is proposed to construct or operate such railroad be first obtained, or in case the consent of such property owners cannot be obtained, the Appellate Division of the Supreme Court, in the department in which it is proposed to be constructed, may, upon application, appoint three commissioners who shall determine, after a hearing of all parties interested, whether such railroad ought to be constructed or operated, and their determination, confirmed by the court, may be taken in lieu of the consent of the property owners." (Cons. 1894, art. III, § 18; Cons. 1846, art. III, § 18, as amended in 1874.) Reliance is also placed upon section 91 of the Railroad Law, which provides, in substance, that "a street surface railroad, or extensions, or branches thereof, shall not be built, extended or operated unless the consent in writing, * * * of the owners * * * of one-half in value * * * of the property bounded on, and also the consent of the local authorities having control of that portion of a street or highway upon which it is proposed to build or operate such railroad shall have been first obtained." (L. 1890, ch. 565; § 91, as amended by L. 1892, ch. 676; L. 1893, ch. 434; L. 1894, ch. 723; L. 1895, ch. 545.)

If the consent of the local authorities or of the abutting owners is required to enable the appellant to extend or operate its road through Broadway, under the circumstances, this proceeding cannot be maintained until the requisite consent has been obtained. If it is required at all, it must be had before the proceeding is begun, for the statute in providing

that the consent " shall have been *first* obtained " makes it a condition precedent. As said by this court, when construing a similar statute under somewhat similar circumstances : " Sufficient vitality and strength to go on with and construct a railroad do not exist   *   *   *   until infused by the consents of the local authorities and property owners." (*Matter of Application of Rochester Elec. Ry. Co.*, 123 N. Y. 351, 358.)

It is, however, insisted that the appellant does not seek to build a railroad through Broadway but to acquire the right to use a road already built after consent had been duly obtained from all sources required. It is true that the appellant does not intend to build a railroad through Broadway, in the sense of laying a track there, but it does intend to " extend and operate " its railroad by so using the tracks of the respondent as to unite the two sections of its own road. Tracks alone do not constitute a railroad within the meaning of a statute which declares that a railroad shall not be " built, extended or operated " until certain pre-liminaries have been complied with. Cars and other appli-ances are required in order to make or operate a railroad. If the appellant shall finally succeed in acquiring the right to run its cars for a short distance on the respondent's tracks, it will still be operating its own railroad, not that of another company, over that part of its route as well as any other. It clearly would not be operating the respondent's railroad, but using a portion of the tracks of the respondent to operate its own railroad. Two different companies cannot operate the same railroad at the same time, although both may use the same track in part to operate their respective roads. When the statute provides that " any street surface railroad company may *use* the tracks of another street surface railroad company " upon certain conditions, permission to " use the tracks " implies use for the purpose of operating its cars thereon. Manifestly no other use is intended. A railroad is none the less in operation between two points because it runs its cars for a part of the way over the tracks of another road. When a railroad corporation acquires the right to run its cars over a

street, whether upon its own track or that of another, that right becomes a part of the railroad, and in exercising that right the corporation operates its own road. The operation of a railroad includes the running of cars, and when a company runs its own cars, receives its own passengers and collects its own fares over a continuous route of four miles, and all the trackage belongs to it except a connecting link of a few hundred feet in the middle, which it acquires the right to use through the power of eminent domain, we think it is to be regarded as operating its own railroad over the entire route, within the meaning of the Constitution and the statute. The prohibition is in the disjunctive and is directed against operation the same as it is against construction.

It is further insisted that where one company has the consent of both local authorities and abutting owners to build and operate a railroad through a street, no further consent from either of those sources is necessary to enable a second company to use the tracks of the first, and hence that neither the Constitution nor statute applies to the case in hand.

The consent required is not simply to the laying of the tracks, but also to the operation of the road. When the municipal authorities consented that the respondent might operate its road through Broadway, they did not consent that another company might operate a distinct and independent line through that street. The operation of one railroad might cause so slight an interference with the use of the street as not to seriously impair its usefulness, whereas, if two or more railroads were permitted to operate their lines through the street, it might virtually destroy it for the ordinary purposes of a highway. The danger of crossing at grade steam surface railroads, of which there are two running across the strip in question, would be greatly increased by the traffic of several street railroads, which shows the necessity of keeping the subject thoroughly under the control of the public authorities by conservative legislation and conservative construction of that legislation. So an abutting owner might be willing to permit one company to operate its line through the street in

front of his property, which would involve the passage of but three or four cars an hour, but not be willing that several companies should have that privilege, which might involve the passage of a car every two minutes. It is not the laying of tracks but the running of cars that constitutes the chief burden both upon the street and the property of the abutting owners. Consent to the burden of one road should, in reason, be limited to that road with whatever increase of business it may have, but should not be extended to as many roads as can crowd their cars into operation upon the street. It would be an unreasonable construction to hold that this is what the public authorities or the private citizens intend when they consent to the building and operation of a street railroad. Instead of an advantage to the public, or to those owning property on the street, which is the inducement to obtain consent, it might result in a heavy and unexpected burden upon both, without any power to prevent it, and yet with no intention to consent to it. It would be a perversion of the consent given by extending it far beyond the intention of the parties. The object of the statute is to protect the public against injury to the streets, without the consent of their representatives, and also to protect the property of the citizen against injury without his personal consent or the consent of a majority of the abutting owners, or, where the refusal to consent is unreasonable, the order of the Appellate Division of the Supreme Court. The consent thus required is of such importance as to be embedded in the Constitution itself, not in the interest of railroad corporations, but of public and private rights. The statute, however, goes a step farther than the Constitution by providing through section 102 of the Railroad Law additional protection to the public by prohibiting a second company from laying a track in a street already occupied by the track of another company and thus incidentally protecting the latter from competition on the same street without compensation. Sections 91 and 102 relate to the same general subject and should be construed together. The latter does not provide an alternative right,

but is an additional requirement to regulate the construction and operation of street railroads so that the public interests may be promoted and private rights protected. (*In re Thirty-fourth St. R. R. Co.*, 102 N. Y. 343.) Construed as an alternative provision, it would be in violation of the Constitution, for it would authorize the operation, if not the construction, of a street railroad without the consents required by that instrument. Even if the old road should consent under section 102, the new road could neither extend nor operate without the consents required by section 91.

We agree with the reasoning of the learned Appellate Division in this case, and should have adopted their opinion as our own had it not been silent upon the question as to the necessity of consent on the part of property owners. In order to avert further litigation in this as well as in other cases that may arise, we have deemed it our duty to express our views upon that subject also.

We think that when consent is given either in behalf of the public, or the abutting owners, to one company, it is for its own use and not for the use of an indefinite number of other companies, regardless of the interests of the city or of the owners of property on the street.

The order appealed from should be affirmed, with costs.

All concur, except GRAY, J., absent.

Order affirmed.