MUSKEGON, GRAND RAPIDS & INDIANA RAILROAD CO.
*v.* CITY OF MUSKEGON HEIGHTS.

1. RAILROADS— ORDINANCES — MUNICIPAL CORPORATIONS — INJUNC-
TION—ADMISSIONS.

 Where a railroad company, acting under the provisions of
an ordinance passed by a city council, constructed, within
the time limited therein, only a part of a track on a cer-
tain street authorized thereby, it was entitled to maintain
and operate the same, and in proceedings to restrain the
city officials from interfering with its use of said street,
it was entitled to a decree affirming its rights in the part
already built and enjoining interference therewith, and
for this purpose its bill should have been retained instead
of being dismissed, it being admitted that it was entitled
to relief in this respect.

2. SAME—UNREASONABLE DELAY— VIS MAJOR—EQUITY — CONSENT
TO USE OF STREET.

 Where the only excuse for a delay of nearly five years in
completing the construction of its track was opposition
of another railroad company to plaintiff's crossing its
track against its wishes and rights, *vis major* was not
applicable, in the absence of a showing of reasonable dili-
gence to discover whether an amicable arrangement could
be made to secure said crossing, and there is no equitable.
reason for setting aside the action of the city in with-
drawing its consent to the further use of the street.

3. SAME—CONSENT TO USE OF STREET—FRANCHISE.

 Where consent is given by a city to one railroad company
to occupy a street with its tracks, no consent can be im-
plied therefrom that any other company may use the
street by using the tracks of the licensed company.

Appeal from Muskegon; Sullivan, J.   Submitted Oc-
tober 16, 1916.   (Docket No. 148.)   Decided March
29, 1917.

Bill by the Muskegon, Grand Rapids & Indiana Rail-
road Company against the city of Muskegon Heights
and others for an injunction restraining defendants

from interfering with the construction by plaintiff of a spur track on a certain street in said city, and other relief. From a decree for defendants, plaintiff appeals. Affirmed in part, and reversed in part.

*James H. Campbell* (*Elvert M. Davis*, of counsel), for appellant.

*John A. McLaughlin*, for appellees.

The plaintiff, the Muskegon, Grand Rapids & Indiana Railroad Company, is a Michigan corporation, with a line of railroad extending from the city of Grand Rapids to the city of Muskegon, passing through the city of Muskegon Heights. It is operated by the Grand Rapids & Indiana Railway Company, which furnishes the equipment for operation. The common council of the city of Muskegon Heights is composed of a mayor and six aldermen. The Pere Marquette Railroad Company is a railroad corporation organized under the laws of this State, and a portion of its road, formerly the Chicago & West Michigan Railroad, runs into and through the city of Muskegon Heights. Manahan avenue is a street running east and west in the city of Muskegon Heights from Glade street on the west to Dyson street on the east, intersecting from west to east Waalkes street, Park avenue, Ninth, Eighth, Seventh, and Sixth streets, Sanford street, Peck boulevard, Baker, Leahy, Hoyt, Reynolds, Howden, Riordan, Lethen, Manz, and other streets further east. Running in a northwesterly direction, the Pere Marquette main line crosses Manahan avenue between Sixth street and Sanford street. In the year 1910 the plaintiff company determined to increase its facilities in the city of Muskegon Heights, and for this purpose to build a freighthouse on the south side of Manahan avenue in the block between Eighth and Seventh streets, and to build a spur track connecting

with its main line, running southerly to Manahan avenue, entering that avenue at Park avenue and running east in Manahan avenue to Dyson street, and on June 27, 1910, the common council of the city of Muskegon Heights passed an ordinance which recites the proposition of the said railroad company and refers to a blueprint on file in the office of the city clerk, grants permission to construct the proposed spur upon, along, and across Manahan avenue between Park avenue and Dyson' street, and all such side tracks as it or its successors or assigns might make to reach and serve the freighthouse which it was proposed to erect and other premises situated on both sides of Manahan avenue between Park avenue and Dyson street. The grant was upon the condition that the spur track be built from the point of connection with the main track to Manahan avenue, and thence east in Manahan avenue to Reynolds street within three years from the taking effect of the ordinance, with the provision that if it should not be built within the three years the right and franchise at the end of such three years should become void. In November of that year a map showing the route of the proposed spur track was approved by the railroad commission, and in that month the work of constructing the spur was begun, and completed to Sixth street in February, 1911. The freighthouse was finished in October, 1911, and, so far as completed, the spur track was used. It is from the point of its connection with the main line approximately two miles long. The common council of the city of Muskegon Heights by ordinance extended the time for the construction of the spur track east of Sixth street one year from July 17, 1913. This was done July 7, 1913. In May, 1914, construction of the spur track east of Sixth street was begun, ties and rails were laid upon the street from Sixth street east to Reynolds street, but the crossings of the Pere Marquette tracks were

not constructed. In June, 1914, the receivers of the Pere Marquette Railroad Company filed their bill in the circuit court for the county of Muskegon, in chancery, to enjoin the further construction of the said spur track in Manahan avenue east of Sixth street, and upon the filing of the bill a preliminary injunction was allowed and served, and work was suspended. A motion to dissolve the injunction was heard on the 22d of August, 1914, and an order was made dissolving it, effective at the expiration of five days. That suit is still pending. June 29, 1914, the common council of the city of Muskegon Heights passed an ordinance reciting the passing of the ordinance of June 27, 1910, that the spur track had been built in part, but the work was obstructed and delayed by the injunction suit, and ordaining that the time for the construction of said spur track be extended six months from and after the 17th of July, 1914. The order dissolving the injunction having become effective, an attempt was made to cross the Pere Marquette track, but the work was interrupted and interfered with by employees of the Pere Marquette Railroad Company, who took away the materials. On the 29th of August, 1914, the receivers filed a bill in the district court of the United States at Grand Rapids, identical with the bill they had filed in the Muskegon court, praying for an injunction, and secured an order requiring the defendants to show cause why a preliminary injunction should not be issued restraining the plaintiff herein from proceeding with the construction of its track in Manahan avenue, with the further order restraining said plaintiff, in the meantime and until the further order of the court, from proceeding with the work. There was a hearing, and on November 5th an order was made that the injunction issue, and the writ issued November 7th and still remains in force. Thereafter, December 21, 1914, the common council of the city of

Muskegon Heights passed an ordinance which recited the passing of the ordinance of June 27, 1910, and the extension of time already given; that the extensions granted would expire January 16, 1915; the fact that construction was delayed and obstructed by the injunction issued on the application of the Pere Marquette Railroad Company; and that the plaintiff herein had been prevented from building the track in compliance with the original ordinance by reasons entirely beyond its control, and thereupon extending the time until the 1st day of June, 1915.

The Pere Marquette Railroad Company has spurs in Manahan avenue east of Sixth street and side tracks which serve various manufacturing businesses, and on the 1st of December, 1914, that company and the plaintiff in this suit entered into an agreement by the terms of which the plaintiff herein rented the main spur track in Manahan avenue east of Sixth street for its entire length, and agreed to purchase an undivided half interest in and to each of the tracks diverging from the main spur reaching various industries located along Manahan avenue, excepting the tracks leading to the plants of two of said industries. The plaintiff company thereafter took up and removed from the street portions of the spur track already laid therein and discontinued, or at least did not proceed with, its efforts to secure crossings of the Pere Marquette tracks and complete its said spur. On June 21, 1915, there was presented to the common council of the city of Muskegon Heights an ordinance which recited, among other things, the extension of the three-year limitation in the original ordinance to June 1, 1915, that within the three years the plaintiff company had constructed that part of the spur track west of Sixth street, and had been prevented and delayed by injunction from constructing its spur track east of Sixth street to Reynolds street, and that whereas an agreement had been

made and executed between the Pere Marquette Railroad Company and the plaintiff herein by which plaintiff had acquired the right to use and operate in common with the Pere Marquette Railroad Company and its receivers the existing main spur track of the Pere Marquette Railroad Company in Manahan avenue and the installed side tracks leading therefrom, etc., that therefore the common council ordains:

"SECTION 1. That the said agreement and the rights thereby acquired by the Muskegon, Grand Rapids & Indiana Railroad Company is approved and accepted as the satisfaction of and the compliance by the Muskegon, Grand Rapids & Indiana Railroad Company with the said condition in said ordinance of June 27, 1910, and the extensions thereof by ordinance until June 1, 1915."

The proposed ordinance was referred to a committee of the council, and the committee, on June 21, 1915, reported, recommending that no further extension of time be granted to fulfill the conditions of the ordinance passed June 27, 1910, and that the rights and privileges thereunder granted be held null and void for the failure of the company to comply with its conditions, and that the ordinance of June 27, 1910, "granting to the Muskegon, Grand Rapids & Indiana Railroad Company, its successors and assigns, the right and franchise to construct and operate a spur track on Manahan avenue and across streets therein mentioned, and granting the use of the south 36 feet of Manahan avenue from westerly line of Park avenue eastwardly to the eastern limits of said Manahan avenue, and all other ordinances passed subsequently thereto extending the time in which to build said track," be rescinded. The report of the committee was accepted and the resolutions as read adopted. Thereafter, on June 28, 1915, the said common council adopted a resolution that the plaintiff company be notified by the city recorder to remove all of its tracks in Man-

ahan avenue built by virtue of the ordinance of June 27, 1910, within five days, and that upon the failure to remove them the street commissioner do so. On the same date, the common council adopted another resolution to the effect that the city recorder notify the plaintiff railroad company to immediately desist from using the track of the Pere Marquette Railroad Company by virtue of its agreement with that company, and upon its failure to do so instructing the city attorney to take the necessary legal steps to accomplish that end. The city recorder gave the notice indicated by these resolutions on July 6th, with copies of the resolutions. On July 9th the plaintiff filed its bill in this cause. Later, and on July 26, 1915, it filed a bill in the circuit court for the county of Muskegon, in chancery, against the city, the city council and other officers, the Pere Marquette Railroad Company and its receivers, attacking the second resolution passed June 28, 1915, hereinbefore referred to. In this cause (the bill filed July 9, 1915) the plaintiff, setting up the various matters herein already stated, and others, prays for a decree adjudging the action of the council of the city of Muskegon Heights declaring its rights and privileges in Manahan avenue in the south 30 feet of said street to be void and ordering a removal of its tracks to be unlawful and of no legal force or effect, adjudging that the plaintiff has not incurred any forfeiture of its rights under said ordinance to construct, maintain, and operate a spur track in Manahan avenue with side tracks, and that its rights under said ordinance remain in full force and effect, notwithstanding the fact that that part of the spur track east of Sixth street has not been constructed within the time stated in the ordinance, praying also for an injunction restraining the defendants from taking any action to enforce or carry into effect the said declaration of the said common council that the

rights and privileges of plaintiff under said ordinance are void, and from taking any action to forfeit and to declare forfeited any rights of plaintiff under said ordinance, and from taking up, removing, disturbing, or interfering with the said spur track now constructed west of Sixth street or any track or tracks connecting therewith, and from causing the same to be done in any manner or by any means. The members of the common council of the city and the city were made parties defendant in this bill, and they answered, the city claiming the benefit of a cross-bill, and it prays the court to declare void the ordinances which have been referred to, to declare that plaintiff has abandoned all rights and privileges granted under the ordinances, and has forfeited its rights by failure to build the spur track within the time prescribed in the ordinance, that the plaintiff refrain from using the spur track of the Pere Marquette Railroad Company in the north 30 feet of Manahan avenue under its said agreement and arrangement with the Pere Marquette Railroad Company until it shall first obtain the consent of the council of the city of Muskegon Heights, and for general relief. The cross-bill was answered and the cause, being at issue, was heard in open court, and the result was a decree made March 27, 1916, which, after a recitation of facts, contains findings, one of which is here quoted:

"That the action of the council in declaring all rights and privileges of the plaintiff by virtue of the ordinance of June 27, 1910, and the subsequent ordinances extending the time for the completion of the spur track void, was legal and within its power. The plaintiff failed to comply with the reasonable condition of the grant, and the city of Muskegon Heights legally declared a forfeiture of its rights. The defendant, the city of Muskegon Heights, however, only seeks a forfeiture of the rights of the plaintiff along the south 36 feet of Manahan avenue between Sixth street and Dyson street. That the city asks less relief than it

might be entitled to is commendable in that the council does not wish to deprive the factories between Sixth street and Park avenue of the benefit of the plaintiff's railroad or of the Pere Marquette Railroad."

It was adjudged that the preliminary injunction granted and issued in this cause be dissolved, "except in so far as it relates to the spur track and other tracks heretofore constructed by the plaintiff, and now existing in Manahan avenue west of Sixth street."

It was adjudged that the bill of complaint be dismissed, that the ordinance passed June 27, 1910, and those in amendment thereof and extending the time in which to build the track are null and void, "in so far as they grant any right, franchise, or privilege to the plaintiff to construct, operate, and maintain a spur track in, through, along, or upon Manahan avenue east of Sixth street in the city of Muskegon Heights," and that the plaintiff remove all tracks built in Manahan avenue east of Sixth street.

It is further adjudged that plaintiff has no right to construct, operate, or maintain any track upon Manahan avenue east of Sixth street, nor to use the tracks of the Pere Marquette Railroad Company or any other railroad company now constructed or which may hereafter be constructed on said avenue east of Sixth street. Agreeably with these findings and adjudications, the plaintiff is restrained perpetually, unless the consent of the city of Muskegon Heights is first had and obtained. The plaintiff, appealing from this decree, presents in this court three propositions, which are stated as follows:

"*First.* That the decree dismissing the bill as to the complainant's tracks west of Sixth street is erroneous for the reasons: (*a*) The preliminary injunction issued on the filing of the bill is continued in so far as it relates to the spur track and other tracks constructed in Manahan avenue west of Sixth street. The preliminary injunction restrained the city and other defend-

ants from taking up, removing or interfering with the tracks west of Sixth street. The preliminary injunction as to these tracks being continued and properly so, the bill should be retained and not dismissed as to the tracks west of Sixth street. (b) The complainant upon the pleadings and proofs is entitled to a decree granting the relief prayed in the bill, at the least, so far as the tracks in Manahan avenue west of Sixth street are concerned.

"Second. That the decree that the rights of the complainant, under the ordinance, to build the spur track and side tracks in Manahan avenue east of Sixth street, are forfeited, and that the ordinances so far as they relate to the tracks east of Sixth street are void because of the failure of the complainant to build the tracks east of Sixth street within the time named in the ordinances, is erroneous for the reason that the complainant by failing to proceed with the work and complete the track east of Sixth street within the time named in the ordinances, because it was restrained from doing so by the injunctions, did not forfeit any rights under the ordinances to construct the track east of Sixth street in Manahan avenue.

"Third. That the decree that the agreement between the complainant and the Pere Marquette for the use by the complainant of the Pere Marquette tracks in Manahan avenue is void, and that the complainant has no right to use the Pere Marquette tracks, and is perpetually enjoined therefrom, is erroneous for the reasons: (a) The rights of the Pere Marquette to maintain and operate its tracks in Manahan avenue and the validity of the agreement and the right of the complainant to use the Pere Marquette tracks under the agreement is not involved and in issue in this case, and could not be. This is a subject-matter wholly distinct from that of the bill in the present case, and could not be injected into the case by cross-bill or otherwise. (b) The decree in this respect is not supported by the proofs. The rights of the Pere Marquette in Manahan avenue, the validity of the agreement, and the right of the complainant to use the Pere Marquette tracks under the agreement can be determined only upon full proofs of all the facts, and can only be determined in the case upon the bill in the second suit in chancery pending and at issue, in which

the city and its council and officers and the Pere Marquette and its receivers are defendants."

In reply the appellees say:

"*First.* That the Muskegon, Grand Rapids & Indiana Railroad Company forfeited all rights to lay tracks in Manahan avenue east of Sixth street. (*a*) Because it failed to comply with the conditions of the franchise granted to it; and (*b*) because it abandoned its rights under such franchise.

"*Second.* That appellant company cannot use the tracks of the Pere Marquette Railroad Company in Manahan avenue east of Sixth street without first obtaining the consent of the city of Muskegon Heights.

"These are the only points covered by the decree of the court below, and they are therefore the only points which can be involved on this appeal. No other rights of the appellant are in any way affected by the decree. A large part of appellant's brief is devoted to a discussion of its rights in Manahan avenue west of Sixth street, when as a matter of fact the decree does not touch such rights in any way."

Further on it is said in the brief:

"The court will bear in mind also that under the decree made by the court below in this case, the rights of appellant to operate and maintain tracks which have already been constructed is in no way questioned. The decree covers only the right to build such tracks as were not constructed within the time limited by the franchise. As a matter of fact, no attempt was made by the appellant to construct the tracks east of Sixth street within the time limited by the franchise."

And in the reply brief it is repeated that:

"The decree of the court below touches and infringes upon no rights of the complainant except its right to construct a track and run its trains through Manahan avenue east of Sixth street. If we are correct in our contention that complainant had no rights in Manahan avenue east of Sixth street, then the decree correctly determines the right of the parties, and it should be affirmed as settled and signed by the circuit judge."

OSTRANDER, J. (*after stating the facts*). 1. A clear, unequivocal admission, at the hearing below or in this court, that the plaintiff has, by virtue of the consent given in the ordinance of June, 1910, and by what it has done pursuant thereto, rights and privileges in the streets of the city, as they are occupied by it, to the point on Manahan avenue west of Sixth street, would require that the plaintiff's bill be retained, instead of being dismissed, and that plaintiff have a part of the relief for which it asked. As it is, the decree continues in force the injunction granted to plaintiff, in effect protecting its rights in the streets to the extent that it occupies them—that is, to a point west of Sixth street. We must, I think, construe the decree and statements of counsel as admitting that plaintiff was entitled to relief against declarations and threatened action involving its rights in the streets to a point on Manahan avenue west of Sixth street. In this view, the bill should be retained and a decree in its favor entered, not negatively, but positively, adjudging that the action of the common council was too broad in its scope and purpose, affirming its rights under the ordinance in so far as it has occupied the streets, and enjoining any action or proceeding to disturb those rights.

2. As to any relief further than I have just indicated, it was, I think, properly refused. It is apparent from the record that the plaintiff was not *prevented* by the injunctions from securing a crossing of the Pere Marquette tracks and so from proceeding to occupy Manahan avenue east of Sixth street. The injunctions interfered with the effort to make a crossing in opposition to the wishes and rights of the Pere Marquette Railroad Company. Plaintiff has made no effort to secure the right to cross the uncrossed tracks of the Pere Marquette Railroad Company. It is patent that, unless and until it does, the injunction now in force

will be continued.  If *vis major* is, as it is contended by appellant it is, a defense in such a case as this, an excuse for acts or omissions creating or causing a forfeiture, it is a defense to be so made out as to leave no reasonable doubt of innocence.  *Brig Struggle* v. *United States,* 9 Cranch, 71.  See, also, 19 Cyc. p. 1360.  Nearly five years elapsed the granting of the original consent of the city to occupy the streets.  Reasonable diligence would have discovered within a reasonable time whether an amicable arrangement could be made insuring the crossing of the Pere Marquette tracks.  In default of such an arrangement, the course necessary to be pursued was not in doubt.  The consent of the city to use the street has been withdrawn, and there are no equitable reasons for holding that the action of the city should be set aside.

3. The right of the Pere Marquette Railroad Company to occupy Manahan avenue is not involved in this suit.  The right of the plaintiff to use the avenue east of Sixth street is involved, whether by laying tracks therein or by using the tracks of another company. The validity of the agreement between the plaintiff and the Pere Marquette Railroad Company for the use of such tracks is not involved, but whether the plaintiff shall use a street without the consent of the city is involved.  A reference to the action of the common council, and to the pleadings, and a consideration of what is the real subject-matter of the suit, puts this beyond question.  It seems to be plain that if consent is given by a city to one company to occupy a street, no consent can be implied therefrom that one or more other companies may use the street by using the tracks of the licensed company.  If it were otherwise, then no consent would be necessary to permit the use of the streets by any company with which the licensed occupier could make satisfactory arrangements.  To this effect, in principle, are *City of Aurora* v. *Traction*

*Co.*, 227 Ill. 485 (81 N. E. 544, 118 Am. St. Rep. 284) ; *Schuster* v. *Railway & Light Co.*, 142 Wis. 578 (126 N. W. 26) ; *Colonial City Traction Co.* v. *Railroad Co.*, 153 N. Y. 540 (47 N. E. 810) ; *Erie* v. *Traction Co.*, 222 Pa. 43 (70 Atl. 904).

The decree of the court below must be in part affirmed, and in part reversed. A decree may be entered in this court retaining the plaintiff's bill and granting it relief as herein indicated, but as to the claimed right of plaintiff in Manahan avenue, east of Sixth street, to lay tracks therein, or to use the tracks of the Pere Marquette Railroad Company, affirming the decree below. No costs are awarded.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.