BUFFALO, BELLEVUE AND LANCASTER RAILROAD COMPANY, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY and THE BUFFALO, NEW YORK AND ERIE RAILROAD COMPANY, Appellants.

72  583
83  412
72h    583
171 NY '597

*Intersection of railroads — street surface railroads — determination as to the place and manner of crossing — motive power — Railroad Law, 1892, chap. 676, § 12.*

The provisions of the Railroad Law (Laws of 1890, chap 565, § 12, as amended by Laws of 1892, chap 676), which authorize the crossing or intersection of one railroad by another, and prescribe the proceedings by which such right may be enforced, apply to street surface railroads.

The commissioners appointed under section 12 of the Railroad Law are the tribunal by which all questions in regard to the place and manner of the crossing of one railroad by another are to be determined, in view, among other things, of the motive power employed, and the mode of its application, as, *e g.*, among others, the electric trolley system; and such questions are not to be passed upon by the court on an application for the appointment of commissioners, or by a referee to whom such application may be referred

APPEAL by the defendants, the New York, Lake Erie and Western Railroad Company and the Buffalo, New York and Erie Railroad Company, from an order or interlocutory judgment of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of Erie county on the 17th day of March, 1893, confirming the report of a referee and appointing commissioners to determine the point and manner of the intersection of each of the defendants' roads by the road of the plaintiff, and the compensation to be made therefor.

*E. C. Sprague*, for the appellants.

*Porter Norton*, for the respondent.

DWIGHT, P. J. :

The proceeding was under section 12 of the Railroad Law, being chapter 565 of the Laws of 1890, as amended by chapter 676 of the Laws of 1892. Issue was joined in the proceeding by an answer of the defendants to the plaintiff's petition, and the issues so made were referred to a referee " to hear and determine," but by stipulation of the attorneys approved by the court, his report was treated as that of a referee to take testimony and report the same with his opinion thereon, and his findings and conclusions of law and fact were taken as the opinion and recommendation of a referee so appointed. Accordingly, the case was moved at Special Term for a confirmation of the report, which was in favor of the plaintiff, and for the appointment of commissioners. The motion to that effect was granted, and from the order or interlocutory judgment granted thereupon this appeal was taken.

We are unable to see that there was any good ground for the appeal. The grounds assigned by the appellants are two : (1) That the provisions of the Railroad Law, which authorize the crossing or intersection of one railroad by another and prescribe the proceed-

ings by which such right may be enforced, do not apply to the case of street surface railroads of whatever motive power; and (2) that the use of the electric trolley system "in the places and in the manner proposed by the petitioner" for its crossings, would be "unnecessarily dangerous," "a public nuisance," "a conversion of a highway or street into an entirely new use," and "an invasion upon and disturbance of the rights of the defendants."

The latter objection was raised by an averment to the effect above stated in the answer of the defendants, and by their offer, on the hearing before the referee, to prove the facts so particularly averred. The evidence so offered was excluded, on the objection of the plaintiff, which was sustained, as appears by the referee's memorandum opinion, on the ground that the question of the place and manner of the crossing was not within the matters referred to him, nor to be passed upon by the court on the application for the appointment of commissioners, but to be determined by the commissioners after they should be appointed. And such is distinctly the provision of the statute in question, viz., that "if the two corporations cannot agree upon  *  *  *  the line or lines, grade or grades, *points or manner* of such intersections,  *  *  *  the same shall be ascertained and determined by commissioners  *  *  *  to be appointed by the court," etc.  (Laws of 1892, *supra,* chap. 676, art. 1, § 12.)

The commissioners, then, are the tribunal by which all questions of "the places and the manner" of the crossings to be made by the plaintiff's road are to be determined, and that determination must necessarily be made in view, among other things, of the motive power employed and the mode of its application.  If the commissioners do their duty, no nuisance will be created at the crossings fixed upon by them; but in any case it is clear that objections to their determination cannot anticipate the determination itself.

The other ground of objection to the proceeding is the one principally relied upon, but is, we think, untenable.  It is, as we have seen, to the effect that the provisions of section 12 of article 1 of the Railroad Law, above cited, have no application to street surface railroads.  An examination of that section shows that it makes no exception of street surface railroads from its operation, but, on the contrary, by its terms includes "every railroad corporation."  This

must, of course, be construed to mean every railroad corporation whose organization, location and powers are provided for in the same article of the statute in which this section occurs, and that this category includes street surface railroads there can be no doubt. The article embraces the subjects of organization, general powers and location. Its second section, providing for the incorporation of railroad companies, prescribes the contents of the certificate to be executed, acknowledged and filed, and by its eleventh subdivision, specifically states what the certificate shall contain if the railroad to be incorporated is a street surface railroad. Further, section 4 confers " additional powers " upon every corporation thus formed, and among them, by subdivision 7, the power to convey persons and property on its railroad " by the power and form of steam, *or of animals*, or by *any mechanical power*," except where the power is specially prescribed, etc. Again, section 6 of the same article, in providing for the location of the route of railroads to be constructed under the act, expressly excepts from its requirements street surface railroad corporations; and, finally, section 12, which contains the particular provisions whose application is here in question, in terms extends its provisions to " every railroad corporation whose road is or shall be intersected by any new railroad." We think the conclusion is unavoidable that street surface railroads are included in all the provisions of article 1 of the Railroad Law, except those from which they are expressly excluded; and, consequently, that the provisions of section 12 are applicable to the case of the plaintiff in this proceeding.

The order or interlocutory judgment appealed from should be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Order and interlocutory judgment affirmed, with costs.