(25 Misc. Rep. 334.)

KUNZ v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Special Term, Kings County.   February, 1898.)

1. STREET RAILROADS—CONSTRUCTION OF CONNECTIONS—NECESSITY OF CONSENT.
   The construction of a connecting curve between two street-railway tracks, being a necessary incident to the construction of the tracks themselves, is not within Const. art. 3, § 18 (amendment of 1875), providing that the construction or operation of a street railroad shall not be authorized except upon the condition that the consents of one-half in value of the property bounded on, and the consent also of the local authorities having control of, that portion of a street or highway upon which it is proposed to construct or operate such railroad, be first obtained.

2. SAME—TRAFFIC CONTRACTS.
   Const. art. 3, § 18 (amendment of 1875), providing that the construction or operation of a street railroad shall not be authorized except upon the condition that the consents of one-half in value of the property bounded on, and the consent also of the local authorities having control of, that portion of a street or highway upon which it is proposed to construct or operate such railroad, be first obtained, does not extend to traffic contracts under Railroad Law, § 78, permitting railroad companies to contract with other companies to operate cars over the former's tracks.

Action by Charles Kunz against the Brooklyn Heights Railroad Company.   Heard on motion.   Denied.

Alexander McKinney, for plaintiff.
Sheehan & Collin, for defendant.

W. M. SMITH, J.   The plaintiff, who is a property owner on the corner of Adams and Prospect streets, seeks to enjoin the defendant —First, from constructing a curve at the corner nearest his property. to connect the tracks of the Nassau Electric Railroad Company on Adams street with the tracks of the Coney Island & Brooklyn Railroad on Prospect street; second, from operating cars over the tracks of the Coney Island & Brooklyn Railroad Company and the Nassau Electric Railroad Company and the proposed curve which is to connect them.   The curve is to be erected by the defendant under a contract with the other two companies, a part of the consideration for which is the right to operate its cars at times over the curve and the operation of the tracks of the two companies whose tracks are thereby connected.   As far as the plaintiff is concerned, the situation is the same as if the two companies were connecting their tracks by the curve by agreement.   That the companies have the right to make such connection is not open to serious question.   Railroad Law, § 12; Buffalo, B. & L. R. Co. v. New York, L. E. & W. R. Co., 72 Hun, 583, 25 N. Y. Supp. 265.   If the tracks of the two companies were lawfully constructed, the curve is a necessary incident thereto, and no further consent or authority is necessary for its construction.   The defendant claims the right to operate its cars over the tracks of the other two companies and the curve without the consent of property owners and local authorities, by virtue of a traffic contract made between the three companies.   Until recently the right to make such contract and to operate cars in pursuance thereof was considered to be settled.   By the provisions of chapter

218 of the Laws of 1839, re-enacted as section 78 of the railroad law, it became lawful for any railroad corporation to contract with any other railroad corporation for the use of their respective roads, and thereafter to use the same in such manner as may be prescribed by said contract. In the case of People v. Brooklyn, F. & C. I. R. Co., 89 N. Y. 75, it was argued that the constitutional provision of 1875 (article 3, § 18), which provides that "no law shall authorize the construction or operation of a street railroad except upon the condition that the consents of the owners of one half in value of the property bounded on, and the consent also of the local authorities having the control of that portion of a street or highway upon which it is proposed to construct or operate such railroad, be first obtained," was a restriction upon legislative power, and applied to the act of 1839, and forbade a contract under it for running through the streets of a city without first obtaining the prescribed consents; but the court decided that the prohibition invoked was one against future legislation, and had no reference to previously existing laws, and did not at all affect or act upon past legislation which at the time was entirely lawful. In the case of Ingersoll v. Railroad Co., 89 Hun, 213, 34 N. Y. Supp. 1044, decided by the general term of this department after the enactment of section 91 of the railroad law, which is a substantial re-enactment of the constitutional provision quoted, it was unequivocally decided that new consents were not necessary in the case of traffic contracts. The two decisions quoted are conclusive of the right of the contracting companies to operate their cars over the lines of each other without new consents, unless these decisions were overruled by the decision of the court of appeals in the case of Colonial City Traction Co. v. Kingston City R. Co., 153 N. Y. 548, 47 N. E. 810, and Id., 154 N. Y. 493, 48 N. E. 900. That was a proceeding by one company to condemn the right to use the tracks of another company under the provisions of section 102 of the railroad law, in order to connect and make a continuous route for the company taking the proceedings. The court held that the provision of section 91 of the railroad law applied, and that the company taking the proceedings had no standing in court until it first obtained the consents of the property owners along the line of the route sought to be condemned. The remark by the learned judge who wrote the opinion, that the consents of the property owners would be necessary even if the one company consented that the tracks be used by the other company, was obviously a dictum of the judge, as he himself clearly intimated in writing the opinion upon the motion for a reargument. 154 N. Y. 493, 48 N. E. 900. The effect of the provision of section 78 of the railroad law is not considered in the Kingston Case. The provisions of the section were not referred to, and the opinion of the court upon the reargument makes it absolutely clear that the court did not decide, or intend to decide, in that case, that the consents of the property owners and local authorities would be essential to the operation by the railroad corporation of its cars over the tracks of another railroad corporation by virtue of a traffic contract under the provision of section 78 of the railroad law. I therefore conclude that the decisions in People v. Brooklyn,

F. & C. I. R. Co., 89 N. Y. 75, and Ingersoll v. Railroad Co., 89 Hun, 213, 34 N. Y. Supp. 1044, have not been overruled, and are binding on this court.

Motion denied, with $10 costs to abide event.