(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

1. INJUNCTION—STREET RAILWAY—OBSTRUCTION OF STREET—ADJOINING OWNER —COMPLAINT- SUFFICIENCY—ALLEGATION OF DAMAGES.

The complaint for an injunction to restrain the continued occupation of a street by a street railway, the fee of which street is in plaintiff, need not allege damage.

2. SAME—ASSESSMENT OF DAMAGES BY COURT—ALTERNATIVE JUDGMENT.

Under Const. art. 1, § 7, providing that when private property shall be taken compensation shall be ascertained by a jury, or by not less than three commissioners, the court, on an application to enjoin the proposed occupation of a street by a street railway, the fee of which is in plaintiff, cannot, against his protest, assess the damages and grant alternative relief permitting defendant to pay the damage found due, in which case the injunction would be denied.

3. SAME—SECURITY FOR COMPENSATION.

Where a street railway company has not taken the preliminary steps required by the statute to authorize the condemnation of a street, the fee of which is in the adjoining owners, and of which the company is not in possession, the court will not deny the application of the adjoining owners, for an injunction restraining the occupation of the street, on the company giving adequate security for the payment of any compensation found due to plaintiffs.

· Appeal from trial term, Schenectady county.

Action by Katherine K. Peck and others against the Schenectady Railway Company to enjoin the construction of a street railway in front of plaintiffs' premises. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

The complaint alleged the ownership by the plaintiffs of certain premises upon Washington avenue, in the city of Schenectady, and the ownership of the fee to the center of the said avenue adjoining said premises, the intention and threat of the defendant to construct a street railway upon said avenue, and upon part thereof belonging to the plaintiffs. Plaintiffs ask an injunction restraining the defendant from the use of said street for such purpose. The answer in effect admits defendant's purpose and intent to construct said railroad, but denies plaintiffs' ownership of the premises. Upon the trial plaintiffs' ownership was proven, and the plaintiffs rested. Defendant proved that it had the consent of the necessary local authorities, and, having failed to get the consent of one-half of the property owners, had got the report of a commission, and that the matter of the confirmation of that report was before the court. The defendant endeavored to prove that· the construction and operation of its road would in no way diminish the value of plaintiffs' premises, which proof was rejected by the court. The defendant then offered to furnish any security that might be asked by the court to pay any indemnity to the plaintiffs for any loss that may be sustained by reason of the construction of the road, and by way of the assurance of the payment of any damages, either rental or fee, or compensation of any other kind to which it may be finally decided that the plaintiffs are entitled by reason of the maintenance or construction of defendant's road. Thereupon the case was submitted to the court, which rendered the judgment from which this appeal is taken.

Argued before PARKER, P. J., and SMITH, EDWARDS, CHASE, and HOUGHTON, JJ.

James O. Carr and James A. Van Vost (Marcus T. Hun, of counsel), for appellant.

Edward Winslow Page, for respondents.

SMITH, J. Defendant's objection to this judgment, on the ground that the complaint failed to allege damage, seems to be answered by the case of Knitting Co. v. Dean, 162 N. Y. 278, 56 N. E. 757. See, also, Pratt v. Railway Co., 50 N. J. Eq. 150, 24 Atl. 1027; Railroad Co. v. Owings, 15 Md. 199, 74 Am. Dec. 563. The appropriation by a street railroad company of a street in which the abutting owner has the fee is the taking of private property, within the settled law of this state. Craig v. Railroad Co., 39 N. Y. 404; Henderson v. Railroad Co., 78 N. Y. 423; Fobes v. Railroad Co., 121 N. Y. 505, 24 N. E. 919, 8 L. R. A. 453; Reining v. Railroad Co., 128 N. Y. 157, 28 N. E. 640, 14 L. R. A. 133; Palmer v. Electric Co., 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672. With the fee of the land then in the plaintiffs, and the threatened continued occupation of that land by the defendant, plaintiffs' right to an injunction would seem to be clear.

But upon the trial defendant offered, first, that the court should estimate the damage which the plaintiffs would suffer by reason of defendant's appropriation of any property rights which the plaintiffs might have; and also to give any undertaking which the court might require to indemnify the plaintiffs for any damage they might suffer by reason of the defendant's appropriation of their land. Upon this offer it is strenuously insisted that the court should not exercise its equitable power of injunction where the plaintiffs would thus have ample protection for any damage which they might suffer. The cases against the elevated railroad in New York City and Brooklyn are cited as cases where the courts gave the alternative judgment which permitted the defendant to pay the damage which it found to be due, in which case the injunction would be denied. As far as we have been able to examine, however, all of these cases were cases in which the plaintiff elected to try the question of damages before the court, and to take the alternative judgment. They were also all cases which sought to enjoin a road which was in operation. To this, however, there is one exception, to wit, the Story Case. That case sought to enjoin the construction of a road, and the trial court denied the plaintiffs relief. When the case finally reached the court of appeals the decision was reversed, and plaintiff was there given relief. But at that time the road had been in operation for five years. In all those elevated railroad cases possession of the street had been given by the municipal authorities, the fee of the street being in the municipality, so that the plaintiffs were rightfully in possession. No case is cited where an alternative judgment, such as is asked for here, has been rendered, where the possession was still in the plaintiff, and the road had not been constructed. By section 7 of article 1 of the state constitution it is provided that "when private property shall be taken for any public use the compensation to be made therefor, when such compensation is not made by the state, shall be ascertained by a jury, or by not less than three commissioners, appointed by a court of record, as shall be prescribed by law." To hold that the court should, against the protest of the plaintiffs here, assess the damage and grant an alternative judgment, would practically deprive the plaintiffs of their con-

stitutional right to the assessment of such damage either by a jury or by a commission of not less than three persons. We are of opinion, therefore, that the court should not if it could, as against the plaintiffs' protest, assess the damage in this action and grant alternative relief. It is further urged by the defendant that the court should deny the injunction upon their giving adequate security for the payment of any compensation which might lawfully be found to be due the plaintiff by reason of the defendant's appropriation of her land. To this proposition two answers seem pertinent. The first is that the defendant has established no right to this land. The record does not disclose that the defendant has taken the preliminary steps required by the statute to authorize the condemnation of private property. Another answer is that by the condemnation law the possession of land sought to be condemned is only assured to a party already in possession of that land. If not in possession, possession will only be given by the court, prior to actual condemnation, after the defendant's answer in the condemnation proceeding is interposed, and then only by a deposit in court of the amount of damages claimed in said answer. While these statutes do not assume to limit the court in the exercise of its equitable discretion, they indicate the policy of the legislature, which should be a guide to the court in the exercise of that discretion, and to this extent create a limitation upon its power.

The defendant further complains that the injunction is permanent, and would restrain the defendant's entry upon plaintiffs' land, even after a right acquired by condemnation. In the first place, this apprehension is wholly speculative. If this judgment should be deemed so to operate, it would be at any time amended upon defendant's subsequent acquisition of any right of entry. We are satisfied, however, that such is not the effect of the judgment. It is not operative as against any rights hereafter acquired.

These conclusions lead to an affirmance of the judgment below. Judgment unanimously affirmed, with costs.