(8 App. Div. 475)

VILLAGE OF CANANDAIGUA v. BENEDICT et al.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

CONDEMNATION PROCEEDINGS—POSSESSION BEFORE JUDGMENT.

Code Civ. Proc. § 3379, which provides that, where petitioner in a condemnation proceeding is in possession of the premises, an order may be granted authorizing petitioner to continue possession, does not apply where the possession was taken by force; and a petitioner since so obtaining possession is not entitled to such order where he has since taken no steps to condemn the property.

Appeal from special term, Ontario county.

Proceeding by the Village of Canandaigua, by its board of water commissioners, against Robert M. Benedict, impleaded with the Ontario Orphan Asylum, to condemn real estate. From an order authorizing plaintiff to continue in possession of the premises described in the petition, defendant Benedict appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

J. H. Metcalf, for appellant.
James C. Smith, for respondents.

FOLLETT, J. Robert M. Benedict, the defendant in these proceedings, is the owner in fee and in possession of a farm containing 134 acres of land, situate on the west side of Canandaigua Lake, and about one mile south of the village of Canandaigua. A public highway, known as the "Lake Shore Road," extends through the farm in a northerly and southerly direction. The village of Canandaigua is a municipal corporation of this state, situated at the north end of this lake, and in 1895 was engaged in constructing a system

of waterworks, through its board of water commissioners, pursuant to chapter 181 of the Laws of 1875. June 10, 1895, the plaintiff filed a map describing a strip of defendant's land 20 feet wide and 1,070 feet long, lying within the bounds of this highway, on which the plaintiff desires to acquire the right to construct and forever maintain a line of iron pipes, 12 inches in diameter, laid under the surface, for conducting water to the village, and also the right to erect and maintain a line of poles upon this strip of land to support a wire cable to be used for transmitting power by means of electricity, for the purpose of pumping water from the lake into a reservoir, which is connected by the water main with the distributing pipes in said village. Before the map was filed, and the extent of the easement required, defined, negotiations for the purchase of an easement had been carried on between the litigants, but no contract was entered into. On the 5th of June, 1895, Mr. Benedict, apprehending that the village would by force enter on his land without acquiring any right, open a trench, lay the pipes therein, and construct its electrical line, began an action in the supreme court to restrain the village from carrying out its purpose. A temporary injunction was granted, restraining the proposed action of the village, which, however, was shortly afterwards vacated, before answer, and on the ex parte application of the village. The injunction being vacated, the board of water commissioners and the contractors engaged in the construction of the works entered, June 22 and 23, 1895, on Benedict's land, with a large force of men,—100, it is alleged, and not denied,—and by force overpowered Benedict and his employés, who resisted until a breach of the peace was imminent, opened the trench, laid the pipes therein, covered them, erected the poles, and strung the cable thereon. This is the only possession which has been acquired, and this is the way in which it was acquired, except early in April, 1895, the pipes were distributed on the ground within the bounds of the highway, without the assent or dissent of Benedict. July 16, 1895, the village, by its board of commissioners, began these proceedings to acquire by condemnation the rights which it had so taken possession of. On July 26, 1895, Benedict answered, denying the right of the village to acquire these rights by condemnation. August 13, 1895, upon the application of the plaintiff, an order was granted pursuant to section 3379 of the Code of Civil Procedure authorizing the village, its officers and agents, to continue in the possession of the premises described in the petition, and to use them for its purposes. The order also restrained Benedict from prosecuting his action in the supreme court, and from prosecuting summary proceedings in the county court to recover possession of his premises. From this order Mr. Benedict has appealed. On the day when it was granted, the issue joined in this proceeding was referred to a referee to hear and determine, since which the village has taken no steps to appraise and acquire the rights which it seeks permanently to enjoy. It has contented itself with the possession so acquired, and the protection of this order which, as before stated, restrained the landowner from seeking redress for his alleged wrongs in the courts

of this state. The constitution provides that private property shall not be taken for public use without just compensation, and there is no statute in this state authorizing the courts to protect a municipal corporation (having the power compulsively to acquire lands or easements by condemnation) in the possession of property which it has acquired by a trespass, or by force, or by fraud. This was so determined in Re St. Lawrence & A. R. Co., 133 N. Y. 270, 31 N. E. 218. There is no material dispute over the facts in this case. It is not asserted that the possession of the village was acquired pursuant to any agreement or understanding with the landowner, nor was possession taken through mistake, or through any misapprehension of the rights of the village, but it was taken by force; and, as held in the case cited, the village is not in possession of the property sought to be condemned, within the meaning of section 3379, and it cannot be protected in such possession under the provisions thereof. Again, the order authorized by this section is not designed for the permanent protection of a corporation in the possession which it may have peaceably acquired, but for temporarily protecting its possession pendente lite, and while actively engaged in prosecuting a proceeding for condemning the property sought; and when it appears that the corporation is guilty of laches in the prosecution of its proceeding, the order should be set aside. It is true that the landowner may prosecute the proceedings, but he is not required to press proceedings to a conclusion instituted for the purpose of depriving him of property or rights with which he does not wish to part. The corporation is the actor, and it is its duty to be diligent in acquiring the property or rights which it seeks. It cannot, though it has acquired peaceable possession, protect its possession indefinitely under this section, and restrain the landowner from prosecuting his legal remedies. Unless the corporation prosecutes its proceedings with diligence, the restraining order should be vacated on that ground.

The order appealed from should be reversed, with costs. All concur, except ADAMS, J., not voting.