GRAY et al. v. YORK STATE TELEPHONE CO. et al.

(Supreme Court, Appellate Division, Third Department. March 2, 1904.)

1. EMINENT DOMAIN—TELEPHONE POLES IN HIGHWAY—ADDITIONAL SERVITUDE.
    The erection of telephone poles in a rural public highway is an added burden to the owners of the adjoining land, who own the fee in the highway, the right to impose which must be obtained either by consent of the owners or by condemnation proceedings.

2. SAME—INJUNCTION.
    The owners of the fee of a highway may prevent the erection of telephone lines thereon for permanent use by injunction.

Appeal from Special Term, Broome County.

Action by Richard A. Gray and others against the York State Telephone Company and another. From a judgment in favor of plaintiffs (83 N. Y. Supp. 920), defendants appeal. Affirmed.

Plaintiffs are the owners of certain real property situated in the town of Union, county of Broome, containing 140 acres, together with the highway adjoining said real property, subject only to the right of the public therein for highway purposes. The defendant the York State Telephone Company is a domestic corporation organized under the transportations corporations law (chapter 566, p. 1136, Laws 1890), and owns and operates a telephone system and telephone exchange in the cities of Binghamton and Elmira, respectively. Said defendants are erecting poles and constructing a line of telephone wire between the city of Binghamton and the city of Elmira for the purpose of connecting and extending the business of said defendant York State Telephone Company. In February, 1903, negotiations were had between the defendants and plaintiffs relating to the purchase of a right of way by the defendant York State Telephone Company for its telephone poles and wires over the said highway, the fee of which is owned by the plaintiffs, but they were unable to agree upon the compensation to be paid therefor. Defendants then attempted to construct its line over said highway so adjoining the plaintiffs' real property, and, when the defendants had the telephone poles, in part, erected, this action was commenced, and the defendants were enjoined from erecting and maintaining and operating a telephone line across said premises, and from taking or attempting to take or hold possession of any part of plaintiffs' said property,

and from erecting a telephone line thereon, and from digging holes, placing cross-arms, and stretching wires on said poles, and from doing any other act on said premises tending to encumber them, or to prevent the free and unobstructed use thereof by the plaintiffs as they were theretofore used and enjoyed by them. ·An answer was served by the defendants, and, after a trial of the issues joined thereby, judgment was directed and entered ·permanently enjoining the defendants from erecting and maintaining their poles and line on and over said property, from which judgment this appeal is taken. The highway is a rural public highway, and not within the bounds of a city or village.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Roberts, Tuthill & ·Rogers (Theodore R. Tuthill, of counsel), for appellants.

R. B. Richards (Richard H. Thurston, of counsel), for respondents.

CHASE, J.   The appellants contend that erecting telephone poles in a rural public highway, and stringing wires thereon, is not an added burden to the owners of adjoining real property, having the title to the fee of the highway within the bounds of which the poles are set, and over which the wires are run.   A discussion of the subject in this court seems unnecessary, for the reason that the Court of Appeals, in Eels v. A. T. & T. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640, has clearly held against the appellants' contention.   The material facts in that case are very similar to the facts in this case, and the court in that case held that a telephone and telegraph company had no right to appropriate a public highway to its own special and continuous use by erecting poles therein and stringing wires thereon, without the consent of the owner of the fee of the highway, and without acquiring the right so to do by condemnation proceedings. See, also, Peck v. Schenectady Ry. Co., 67 App. Div. 359, 73 N. Y. Supp. 794; Id., 170 N. Y. 298, 63 N. E. 357; Paige v. Schenectady Ry. Co., 77 App. Div. 571, 79 N. Y. Supp. 266.

An injunction may be issued at the suit of the owners of the fee of a highway to prevent persons or corporations from erecting a telephone line on and over the same for continuous and permanent use. Paige v. Schenectady Ry. Co., supra; Peck v. Schenectady Ry. Co., supra.

Even if the court has a discretion in regard to granting an injunction in a case where the facts are substantially undisputed, such discretion in this case has been exercised by the Special Term in favor of granting the injunction, and there is nothing before us to show that such discretion was improperly exercised or abused.

The judgment should be affirmed, with costs.   All concur.