fully manipulated the affairs of said company, so that the said shares have not been placed in the hands of C. H. De Witt & Co. for delivery to the holder of said interim certificate, and has denied and disputed the right and title of said Willis B. Dowd and his assigns to said 250 shares of stock therein mentioned," are not allegations of facts, but the averment of conclusions of law. In Phinney v. Phinney, 17 How. Prac. 197, the allegations that the defendant has "taken upon himself the exclusive management of the estate," and with the "connivance and consent" of another has "greatly mismanaged it," to the damage of the plaintiffs, were held to be conclusions of law. In Taylor v. Atlantic Mutual Ins. Co., 2 Bosw. 106, where it was alleged that the defendants had wrongfully made use of the slip, Judge Bosworth says, at page 116: "The allegation that it was wrongful, and in violation of the plaintiff's rights, is not an allegation of a fact, but is the pleader's view of the nature of the acts which he describes." N. Y. & Mt. Vernon Transp. Co. v. Tyroler, 25 App. Div. 161, 48 N. Y. Supp. 1095; Van Schaick v. Winne, 16 Barb. 89. In the case before me not a single fact is alleged from which the court can infer that the defendant's acts were wrongful, or that he has violated the trust alleged. Upon demurrer, the conclusions of law are not admitted.

As none of the facts upon which the conclusions are based are stated, the demurrer, upon the ground that the complaint does not state sufficient facts to constitute a cause of action, is sustained. Leave is granted to amend the complaint, upon payment of costs, within 20 days after service of the order herein.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. M. Ferguson, for respondent.

PER CURIAM.   Judgment affirmed, with costs, on opinion of court below, with leave to plaintiff to amend on payment of costs in this court and in the court below.

---

(43 Misc. Rep. 304.)

WAIT et al. v. HUDSON VALLEY RY. CO.

(Supreme Court, Special Term, Saratoga County.   March, 1904.)

1. EMINENT DOMAIN—ACTION BY OWNERS—INJUNCTION.
      Under Code Civ. Proc. § 3379, providing, among other things, that defendant in eminent domain proceedings may continue in possession of the land, an order staying defendant from continuing any action against plaintiff in condemnation proceedings, which action accrued prior to the commencement of such proceedings, is unauthorized.

Action by James L. Wait and others against the Hudson Valley Railway Company.   Motion by plaintiffs to modify an injunction.   Denied.

J. H. Bain, for the motion.
W. L. Kiley, opposed.

SPENCER, J.   This action was commenced by the service of summons and complaint on the 11th day of September, 1901.   The complaint alleges the plaintiffs' ownership of a parcel of land specifically described, and that in June, 1901, the defendant's predecessor entered thereupon, broke down and removed fences, dug up and removed soil, permitted cattle to injure and destroy grain and produce growing thereon, and also upon adjoining premises belonging to plaintiffs, and that defendant is in possession of the parcel particularly described, and demands possession thereof, and damages in the sum of $1,000.   Sub-

sequent thereto, and on October 3, 1901, the defendant instituted proceedings against the plaintiffs for the condemnation of the parcel of real property specifically described in the complaint, and on the 26th day of October following an order was made therein, as provided by section 3379, Code Civ. Proc., which, among other things, authorized the defendant to continue in possession of said parcel, and ordered "that said defendants [plaintiffs here], and each of them, hereby are stayed from bringing or continuing any action or proceeding against said plaintiff." The condemnation proceedings were continued to judgment, and final order entered therein on the 27th day of February, 1904. The plaintiffs now move to modify the stay, and for leave to proceed with the action. The motion is opposed by defendant on the ground that the stay can only be modified by a motion made in the condemnation proceedings, and that the order has become final and conclusive upon the parties.

I am still inclined to the view expressed upon the argument—that an application to modify the restraining order should have been made in the condemnation proceedings in which the order was granted. I am, however, unable to perceive any necessity for a modification. It stayed the defendants (plaintiffs here) from bringing or continuing any action or proceeding in respect to the possession which it authorized, and has no application whatever to any prior possession, or to any right of action which the plaintiffs may have had against the defendant for antecedent trespasses.

But if the order will bear the construction put upon it by the parties to this motion, it would have been a nullity so far as restraining the plaintiffs from prosecuting their action as to any prior possession or trespass. Section 3379 of the Code does not authorize the court to restrain the owner of the premises sought to be condemned from maintaining a right of action which accrued prior to the commencement of the condemnation proceedings. Although I find no authority for the rule thus adopted, I am nevertheless of the opinion that it is well within the reasons of the following authorities: Matter of St. Lawrence & A. R. Co., 133 N. Y. 270, 31 N. E. 218; Manhattan R. Co. v. Taber (Sup.) 29 N. Y. Supp. 220; and Village of Canandaigua v. Benedict, 8 App. Div. 475, 40 N. Y. Supp. 707. Despite the view so taken, I am nevertheless of the opinion that the plaintiffs were justified in making this application, as both they and the defendant have construed the order as restraining them from any further prosecution of this action, and an attempt on their part so to do without leave of the court might have subjected them to the annoyance of proceedings for contempt. It therefore seems reasonable that the court should grant the permission asked for.

The defendant further contends that the damages resulting to plaintiffs from the defendant's trespass prior to the commencement of the condemnation proceedings were submitted to the determination of the appraisers therein, and files a certificate by such appraisers to that effect. If this be so, and it shall be made to appear upon the trial that such an adjudication was had, the award may be regarded as a bar to the maintenance of the action. I am, however, unable to find anything in the statute which authorizes the appraisers to include damages for a

prior trespass within the award, and am of the opinion that it could not have been done without the express consent of the plaintiffs. That question should be left to be determined upon the trial of the action in case the defendant shall plead the condemnation proceedings as res adjudicata.

The further point that the present action is in ejectment, and may not be maintained after final judgment in the condemnation proceedings, requires attention. I am not satisfied that the complaint here, properly construed, constitutes an action in ejectment. The pleader seems to have attempted to join in the same complaint three causes of action, viz.: (1) For injuries to real property; (2) for ejectment; (3) for injuries to personal property—no two of which may be joined in the same action. Code Civ. Proc. § 484. No damages are sought to be recovered for withholding possession of the property, or for its rents and profits, or for the value of its use and occupation, as the plaintiffs make no such demand in their complaint. Code Civ. Proc. §§ 1496, 1497. The only damages sought to be recovered are those resulting from alleged trespasses upon real property and injuries to personal property. The complaint is clearly defective, being both indefinite and uncertain, and joining causes of action in violation of the provisions of the Code, but I do not think this is ground for a denial of the present motion. The application to modify the injunctive order is therefore denied, but plaintiffs may take an order granting leave to proceed with the prosecution of the action, without costs to either party.

Ordered accordingly.