CALLAHAN ESTATE v. INTERBOROUGH RAPID TRANSIT CO. et al.

(Supreme Court, Special Term, New York County.    April 10, 1915.)

1. STREET RAILROADS ☞34—RECONSTRUCTION AND RELOCATION OF ELEVATED STRUCTURE—NONCOMPLIANCE WITH ORDERS OF PUBLIC SERVICE COMMISSION—RESTRAINT BY INJUNCTION.

Where defendant street railway, owner of an elevated structure, secured a certificate from the Public Service Commission authorizing it to reconstruct and relocate such structure, with certain directions regarding the placing of columns, the doing of the work in violation of such certificates will be enjoined at the instance of an abutting property owner; for, although the courts will not interfere with public improvements on any slight consideration, yet, when a corporation seeks to act under certain power granted to it, it must strictly follow the authority given, while the fact that it was physically impossible for the defendants to follow the directions of the Commission regarding the placing of columns was no defense, although such Commission undoubtedly had power to modify its direction to conform with conditions.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 87–90; Dec. Dig. ☞34.]

2. STREET RAILROADS ☞34—RECONSTRUCTION AND RELOCATION OF ELEVATED STRUCTURE—NONCOMPLIANCE WITH ORDERS OF PUBLIC SERVICE COMMISSION.

Where the prolonged negotiations between the parties were to avoid litigation, delay thereby caused could not establish the defense of laches.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 87–90; Dec. Dig. ☞34.]

Action by the Callahan Estate against the Interborough Rapid Transit Company and the Manhattan Railway Company.    On motion to continue injunction pendente lite.    Granted.

Martin, Fraser & Speir, of New York City (John J. O'Connor, of New York City, of counsel), for plaintiff.

James L. Quackenbush, of New York City (J. Osgood Nichols, of New York City, of counsel), for defendants.

NEWBURGER, J.    Plaintiff seeks to restrain the defendants from relocating or reconstructing the columns supporting the elevated struc-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ture along the Bowery on the sidewalks of the blocks on which plaintiff's property fronts. Plaintiff is the owner of certain lands and buildings thereon situated on the west side of the Bowery, in this borough, about 77 feet 4 inches north of Grand street, being about 53 feet 3 inches front, and known by the street numbers 138, 140, and 142 Bowery, and also the property on the east side of the Bowery, 62 feet north of Broome street, about 36 feet 6 inches front, and known by the street numbers 157½ and 159 Bowery. The defendant Manhattan Railway Company is the owner of an elevated railway along the Bowery in front of the property owned by the plaintiff, which it leased on or about April 1, 1903, to the defendant Interborough Rapid Transit Company, which now operates said railway. On March 17, 1913, the Public Service Commission of the State of New York for the First District submitted to the board of estimate and apportionment of the city of New York a proposed certificate authorizing the defendant Manhattan Railway Company to reconstruct and relocate the elevated railway and elevated structure on said Bowery from a point 210 feet south of the southerly line of Canal street northward to Sixth street, part of which elevated railway and structure is in front of plaintiff's property. On March 18, 1913, the board of estimate and apportionment approved the proposed certificate and consented to the construction in accordance with the terms thereof. On the 19th day of March, 1913, the Public Service Commission issued to the defendant Manhattan Railway Company a certificate, and on the same date the said Manhattan Railway Company accepted the same and all the terms, conditions, and requirements thereof. The said certificate, among other things, provided:

"Upon the Bowery between Chatham square and a point two hundred and ten (210) feet southerly of the southerly line of Canal street, the additional tracks shall be located near the middle of the street and shall be constructed upon longitudinal girders supported by cross girders resting upon the existing columns, strengthened as may be necessary or on new columns located on the sidewalk, so that the distance from their faces to the curb lines shall be the same as with existing columns, and no additional columns shall be there placed within the roadway of the Bowery between the existing curb lines. From said point two hundred and ten (210) feet southerly of the southerly line of Canal street northward upon the Bowery to Sixth street the existing elevated structure may be relocated and reconstructed, provided the supporting columns as relocated and reconstructed shall be so placed that the center line of all columns placed between the curb lines shall be at a distance of not less than fourteen (14) feet from the curb line and not less than seven (7) feet from the centers of any surface street railway tracks."

The railway company then proceeded to obtain the necessary consents from the property owners along the line, and, not having obtained a sufficient number, applied to the Appellate Division in this department for the appointment of three commissioners as prescribed by the Rapid Transit Act (Laws 1909, c. 498). The commissioners were appointed, and on the 10th day of February, 1914, filed their report that the said railway should be constructed and operated as determined by the certificate of the Public Service Commission of March 19, 1913. On the 27th day of February, 1914, the report of the commissioners was confirmed by the Appellate Division. Certain plans

have been filed by the railway company with the Public Service Commission, which show that certain of the columns supporting the elevated structure are to be placed in the street, while pillars in front of plaintiff's property are to be located on the sidewalks. No order has been entered by the Public Service Commission changing or altering or modifying the original certificate issued by them on the 19th day of March, 1913, and it is apparent that the plans sought to be carried out by the railway company are not in compliance with such certificate.

[1, 2] The contention of the defendants that the plaintiff has been guilty of laches is untenable. A reading of the affidavits submitted discloses that whatever negotiations or conferences may have been had between the parties were for the purpose of avoiding litigation. The lapse of time between the starting of the work and the present is not so great as would warrant this court in depriving the plaintiff of any remedy it may have. While it has been repeatedly held in this state that the courts will not interfere in public improvements on any slight consideration, yet it has also been held that, when a corporation seeks to act under certain power granted to it, it must comply with the authority thus given to it. See Railroad Co. v. Davis, 43 N. Y. 137; Gray v. York State Telephone Co., 92 App. Div. 89, 86 N. Y. Supp. 771; Eels v. American Telephone Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640; In re City of Buffalo, 78 N. Y. 362; Matter of Marsh, 71 N. Y. 315; Village of Canandaigua v. Benedict, 8 App. Div. 475, 40 N. Y. Supp. 707; Knox v. Met. El. R'y, 58 Hun, 517, 12 N. Y. Supp. 848. As was said by Mr. Justice Bronson in Sharpe v. Speir, 4 Hill, 83, a corporation must show a grant either in terms or by necessary implication for all the powers which it attempts to exercise. See, also, Dyckman v. Mayor, 5 N. Y. 439.

The contention on the part of the defendants that it is impossible to comply with the requirements of the certificate issued by the Public Service Commission, by reason of the fact that the space between the curb and the railroad track would not leave seven feet as required by the certificate, is a matter that might appeal to the said Public Service Commission, and they undoubtedly would have power to modify their certificate, but such objection is not available in this proceeding. The court is concerned not with the question whether the defendant railway corporation can comply with the certificate, but is as to what is the power of such corporation under the certificate issued to it. It is apparent, therefore, to me that the act of the defendant Manhattan Railway Company in reconstructing the columns on the sidewalk in front of the premises of the plaintiff is in clear violation of the authority granted to the railway corporation, and the motion to continue the injunction pendente lite must be granted.