Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING and HOTCHKISS, JJ.

Abraham Kaplan, of New York City, for appellant.

John P. O'Brien, of New York City, for respondent.

PER CURIAM. The action being one to enforce a penalty, defendant had a constitutional right to a jury trial, which, under the circumstances disclosed, we hold was not waived. The order should be reversed, without costs, and the motion granted, without costs, to the extent of framing the following issues:

(1) At the time or times alleged in the complaint were the therein described premises, Nos. 200 and 202 Manhattan avenue, a tenement house?

(2) At said time or times were said premises used for the purpose of a house of prostitution or assignation of any description, with the knowledge or permission of the owner thereof or his agent?

---

CALLAHAN ESTATE v. MANHATTAN RY. CO. et al. (No. 7337.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

STREET RAILROADS ⬅40 — RECONSTRUCTION AND RELOCATION OF ELEVATED STREETS—ORDER OF PUBLIC SERVICE COMMISSION—CONSTRUCTION.

    A certificate of the Public Service Commission, which authorizes a street railway company, owning an elevated railway, to reconstruct and relocate the structure, and which provides that the supporting columns shall be so placed that the center lines of all columns between the curb lines shall be not less than 14 feet from the curb line, nor less than 7 feet from the center of any surface street railway tracks, does not require the company to relocate all of the supporting columns in the roadway between the curb lines, but merely requires that the columns between the curb lines shall be so placed that the center lines of such columns shall be at the specified distances, where to construe the certificate otherwise would render the proposed reconstruction impossible by reason of the narrowness of the street and the location of street railway tracks.

    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. ⬅40.]

Appeal from Special Term, New York County.

Action by the Callahan Estate against the Manhattan Railway Company and another. From an order of the Special Term (152 N. Y. Supp. 967) continuing an injunction pendente lite, defendants appeal. Reversed, and motion for injunction denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

J. Osgood Nichols, of New York City, for appellants.

John J. O'Connor, of New York City, for respondent.

McLAUGHLIN, J. The order appealed from, restraining the defendants during the pendency of the action from relocating or reconstructing the columns supporting their elevated railroad on any part of the sidewalk on the west side of the Bowery, between Grand and

Broome streets, and on the east side of the Bowery, between Broome and Delancey streets, in the city of New York, including the sidewalk in front of two lots owned by the plaintiff.

On March 19, 1913, the Public Service Commission authorized the defendant. Manhattan Railway Company to reconstruct its railway along that part of the Bowery specified in the injunction order. The certificate issued by the Public Service Commission provided that:

"The existing elevated structure may be relocated and reconstructed, providing the supporting columns as relocated and reconstructed shall be so placed that the center lines of all columns, placed between the curb lines, shall be at a distance of not less than fourteen (14) feet from the curb line and not less than seven (7) from the center of any surface street railway tracks."

The certificate having been issued, the defendants filed plans with the Public Service Commission showing the proposed relocation of the columns. The commissioners appointed by this court approved of the plans submitted by the defendants, and this court, in turn, approved the report of the commissioners. The defendants then proceeded with the work of reconstruction in accordance with the plans thus approved. Under these plans, one of the four columns now located in front of the premises owned by the plaintiff will be entirely removed, two are to remain in their present location, and the fourth will be moved further along the curb line. The injunction was granted on the ground that by the terms of the certificate of the Public Service Commission the defendants were required to place all columns between the curb lines and in such a position that the center lines of such columns would not be less than 14 feet from the curb lines or 7 feet from the center of any surface car tracks.

I am of the opinion that the order appealed from should be reversed, and the motion for an injunction denied. There is nothing in the certificate of the Public Service Commission which requires defendants to relocate *all* of the supporting columns in the roadway between the curb lines. It merely requires that *"all columns placed between the curb lines"* shall be so placed that the center lines of such columns shall be at a distance of not less than 14 feet from the curb lines and 7 feet from the center of the surface street railway tracks. To construe the certificate otherwise would render the proposed reconstruction impossible by reason of the narrowness of the street and the location of the street railway tracks. It cannot be assumed that the Public Service Commission imposed impossible conditions upon the reconstruction of the railway. Not only this, but the language used in the certificate does not permit the construction placed upon it by the Special Term.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs. All concur.