J. Robert Lynch, J.
The petitioner by this petition seeks an order of condemnation and further seeks that an order “ be made that the petitioner-plaintiff be permitted to continue in possession of the real property” of the respondents across which it has already constructed one power line and intends constructing another.
Sometime prior to August, 1959, the respondent husband and wife signed an “ easement option” with the petitioner which presumably gave it the right to enter on their land to construct its power line. Thereafter an agent of the petitioner altered the terms of this instrument. The respondent wife resigned the altered instrument. The respondent husband learning of it disavowed the agreement and forbade the petitioner’s entering on the property. The petitioner nonetheless went on the property and commenced cutting trees and construction of the line. The respondent husband then brought an action in waste against the petitioner in Supreme Court and received a judgment after a jury verdict. He claims a further cause of action for those damages which have accrued since his complaint in the prior action.
There is no doubt that the petition herein shows public necessity for the construction of the line. The fact that the respondents are confronted by a fait accompli is immaterial in the final analysis — if the line had not already been run through the respondent’s land, it would have to be. In granting the petitioner legal possession of the property, the most important factor to the parties is the avenue by which this result is approached — whether relief is available through section 23 or section 24 of the Condemnation Law.
The purposes of these sections are succinctly stated in their titles: section 23, “ Party in possession may stay on giving security”; section 24, “ Temporary possession pending proceedings ”. If relief were granted under section 23, apart from any reflections it would cast upon the damage verdict already received by the respondent husband, it would in fact confirm the petitioner’s possession and wipe out the husband’s second cause of action. If relief were granted under section 24, the petitioner would be put in legal possession, but the husband’s cause of action would be preserved up to the entering of the order. It is obvious that the petitioner would prefer relief under section 23, while the respondent husband, granting possession to the petitioner, would prefer it under section 24.
These practical considerations are mentioned not because they are controlling. They simply indicate that if the petition were to be construed as a prayer for relief only under section 23, *995 and if it were to be denied, the petitioner would be put to the burden of petitioning again under section 24, with public necessity making the outcome in its favor a foregone conclusion.
The petition does not seek relief under one or the other section specifically but is broad enough both in its recital and prayer that it may be construed as seeking relief under either section.
Belief under section 23 must be denied because the court cannot condone or confirm possession originating in wrongfulness (Matter of St. Lawrence & Adirondack R. R. Co., 133 N. Y. 270). That there was such has been judicially determined in the other action. Such a finding was essential to the damage verdict. Neither can the court permit the petitioner, by its own hand in altering the previously signed agreement, to gain a color of title by which its possession might be confirmed.
As suggested by the St. Lawrence & Adirondack R. R. Co. case, the plaintiff’s remedy lies under section 24 (at that time, Code Civ. Pro., § 3380). Public interest being otherwise prejudiced, it is given legal possession under this section. Its illegal possession remains illegal and it is responsible for damages up to the time of legal possession.
The prayer of the petition is granted upon condition that the petitioner deposit with the court, for the purposes set forth in section 24 of the Condemnation Law, a sum to be fixed by the court upon notice to the parties of not less than eight days.