James H. O’Connor, J.
The plaintiffs have brought an action against the defendants seeking damages for unlawful trespass upon the plaintiffs’ land and for an ejectment and removal from their land of certain poles, allegedly 16 in number, constructed by the defendant, Antenna-Vision, Inc., and used in operation of its business of distributing to contracting parties radio and television programs.
The defendant, Five Corner Cemetery Association, is a nominal defendant since it is a legatee under the will of Floyd C. Getman, the estate of whom is a party plaintiff.
The plaintiffs claim that the defendant, Antenna-Vision, Inc., wrongfully entered upon plaintiffs’ land since March of 1964 and installed poles, cables and guy wires in the plaintiffs’ field without the consent of the plaintiffs or without any color of authority, for the purpose of running their transmission line over the plaintiffs’ land. It is claimed by the plaintiffs that this was a seizure and “ takeover ” of plaintiffs’ land. An amended answer was submitted alleging a general denial, an affirmative defense and a counterclaim. The affirmative defense states that all of its equipment has been placed along the public highway which intersects plaintiffs’ land and that permission therefor had been given by resolution of the Town Board of the Town of Frankfort, Herkimer County; that this resolution granted the defendant, Antenna-Vision, Inc., the privilege of erecting its equipment upon, over or under any of the public roads, streets of highways in said township. The affirmative defense further alleges that none of the equipment is placed other than within the limits of the public highway. The counterclaim alleges that the defendant, Antenna-Vision, Inc., is a telegraph and telephone corporation under article 3 of the Transportation Corporations Law of the State of New York and has a right to acquire interest in real property by condemnation as set forth in section 27 of the Transportation Corporations Law. While there is no claim that any condemnation proceedings have been instituted by the defendant, Antenna-Vision, Inc., said defendant claims that it is entitled to an *861 order of inverse condemnation by reason of the fact that it is a telegraph and telephone corporation and that it would be equitable within the ruling of Heyert v. Orange & Rockland Utilities (17 N Y 2d 352) to have the court fix the amount of past and permanent damages and receive a deed or easement to the property of the plaintiffs appropriated.
A motion was made by the defendant, Antenna-Vision, Inc., for an order granting inverse condemnation and fixing the amout of damages. Moving papers on behalf of the defendant, Antenna-Vision, Inc., deny that any of its poles or equipment are located on the plaintiffs’ property other than within the highway limits. It asks that an order be granted severing its counterclaim from the action of trespass brought by the plaintiffs which alleges that the poles and equipment are erected in their fields as well as within the highway limits.
The plaintiffs cross-move for an order dismissing the amended answer on the ground that it fails to state a defense to the action, dismissing the counterclaim for inverse condemnation on the ground that it fails to allege facts sufficient to constitute a claim and dismissing defendant’s motion for partial summary judgment.
The plaintiffs contend in their moving papers that 16 poles have been located on their property with only one or two being located within the highway limits. The plaintiffs attached photographs to their moving papers indicating this fact. They contend that the case of Heyert v. Orange & Rockland Utilities (supra) makes no mention of inverse condemnation and that in any event it is doubtful whether the defendant, Antenna-Vision, Inc., has the right to condemn property for its use. Furthermore, plaintiffs claim that the court cannot condone or confirm possession originating in wrongfulness citing Matter of Niagara Mohawk Power Corp. v. Deyle (31 Misc 2d 993). In any event it is the plaintiffs’ contention that even if the defendant, Antenna-Vision, Inc., had the right to condemn property there must be a showing that the use sought is a public use and that there is a public necessity for such use.
This court’s reading of the Appellate Division holding in Heyert v. Orange & Rockland Utilities (24 A D 2d 592) indicates that a decree of inverse condemnation in an ejectment action brought to remove a gas main from the subsurface of real property used as a public street is appropriate. Under the facts of that case, the defendant seemingly went upon the landowners’ property under a color of right, since the issue presented to the Court of Appeals on appeal concerned itself with whether or not easement for highway purposes included the right to *862 install a gas main beneath. Therefore, it is this court’s holding that an order of inverse condemnation would be allowable where the appropriation or taking of property is under a color of right. This seems to be the intent of section 23 of the Condemnation Law which allows a party in possession in a condemnation proceeding to continue in possession upon payment of security. The Niagara Mohawk Power Corp. v. Deyle case (supra); Matter of St. Lawrence & Adirondack R. R. Co. (133 N. Y. 270) and Village of Canandaigua v. Benedict (8 App. Div. 475) all reflect the judicial thinking that when the possession of real property is acquired by a trespass, force or fraud, the court will not continue the possessor in possession pending a condemnation proceeding.
Therefore, while the defendant, Antenna-Vision, Inc., might be entitled to an order of inverse condemnation on the property where its equipment is situated, within the highway limits by virtue of the franchise given it by the Town of Frankfort, it has no right to inverse condemnation to locate its poles on the plaintiffs ’ property not within the highway limits.
In order for this court to grant an order of inverse condemnation it would be necessary to show that the use sought is a public use and that there is a public necessity therefor. It is this court’s opinion that as to that matter a question of fact exists which cannot be resolved on this motion for partial summary judgment. While it is true that it is a judicial matter to determine whether or not a proposed condemnation is for a public purpose, it is this court’s opinion that there are insufficient facts before the court to make such a judgment. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451.)
Thus, that part of the motion for partial summary judgment brought by the defendant, Antenna-Vision, Inc., is hereby denied. It follows therefore that while the defendant, Antenna-Vision, Inc., may ultimately be entitled to an order of inverse condemnation as to its equipment located within the limits of the public highway, which fact should be determined after a full trial before this court, the plaintiff’s motion for a dismissal of the counterclaim and striking out the amended answer is also denied.
If it should be determined after trial that the defendant, Antenna-Vision, Inc., has indeed trespassed on this property outside of the highway limits, appropriate damages and/or a judgment of ejectment should issue.